HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEVI BUSSANICH,

    Plaintiff,

  v.

ADULT VIDEO ONLY, INC.,

    Defendant.

CASE NO. C16-5231RBL

ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) – Failure to State a Claim Upon Which Relief May Be Granted; and All Parties' Causes of Action Are Time Barred [Dkt. #24]. The Court has reviewed the materials[1] submitted in favor of, and in opposition to, the motion. Oral argument is not necessary to the resolution of the issues presented in the motion. For the following reasons, the motion is **DENIED**.

**I. BACKGROUND**

Plaintiff's Complaint describes a tale of long-standing criminal activity by the named-defendants, to include arson, attempted arson, tax fraud, money laundering, and the planning of a murder for hire. The most direct harm against the plaintiffs was the 2003 torching of their business in Vancouver. The fire was investigated by law enforcement, including the Bureau of

Alcohol, Tobacco and Firearms for ten years, culminating in 2013 with an indictment of Mark Fuston. Fuston's active accomplice in the arson of the plaintiff's business was Ken Courtney. Courtney committed suicide in November 2007.

The criminal case against Mark Duane Fuston a/k/a "Mau Mau" was resolved with a Plea to Conspiracy to Commit Arson of a Building Used in or Affecting Interstate Commerce in violation of Title 18 U.S.C. Section 371. He was sentenced to a term of 30 months. In the Statement of Fact portion of the Plea Agreement, Fuston admitted that he was or would be paid for burning down the plaintiffs' business.

In the Complaint of this civil action, plaintiffs allege that over a ten-year period the ATF continued a confidential investigation into the arson fire, The targets of that investigation were Daniel and Donna Cossette and Michael and Linda Wright, owners of a competing business to plaintiffs. A confidential informant was able to get close to Ken Courtney – an employee of the Cossettes and Wrights – and gather compromising information which justified a search warrant of Courtney's residence. Courtney then admitted that the named defendants requested him and Fuston to burn down the plaintiffs' business.

Because of the confidential nature of the criminal investigation coupled with the misdirection by the defendants in leading the plaintiffs away from the conclusion that defendants were behind the arson, plaintiffs did not know or could not know who was responsible for the arson prior to 2013. Plaintiffs assert that their Complaint is timely and not time-barred.

## II. DISCUSSION

**A. Equitable Tolling**

Under Washington State's equitable tolling doctrine, a "cause of action accrues, and the statute of limitations begins to run, when the plaintiff discovers or reasonably could have discovered *all the essential elements* of the cause of action." *Allyn v. Boe*, 943 P.2d 364, 372-73

(Wash. App. Div. 2 1997) (emphasis added) (holding doctrine applied in trespass action where defendant first denied wrongdoing, "frustrat[ing]" plaintiff, and where investigation of expert was required to uncover the truth) (citing *In re Estates of Hibbard*, 118 Wash.2d 737, 744, 826 P.2d 690 (1992)); *United States Oil & Ref. Co. v. State Department of Ecology*, 96 Wash.2d 85, 92, 633 P.2d 1329 (1981). "And the statute does not begin to run until the plaintiff knows or with reasonable diligence should know that the defendant was the responsible party." *Allyn*, 943 P.2d at 372-73 (citing *Orear v. International Paint Co.*, 59 Wash.App. 249, 257, 796 P.2d 759 (1990)).

In the Ninth Circuit, the doctrine of equitable tolling "is demanded by sound legal principles as well as the interests of justice." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184-85 (9th Cir. 2001) (holding "[a]ll one need show is that by the exercise of reasonable diligence the proponent of tolling could not have discovered essential information bearing on the claim") (emphasis added); see also *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010); *Stitt v. Williams,* 919 F.2d 516, 522 (9th Cir.1990). Accordingly, this Circuit has emphasized, "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc., v. United States*, 68 F.3d 1204, 1206-07 (9th Cir.1995). This is because "equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Solis*, 627 F.3d at 750 (emphasis added). Certainly, evidence of who injured you is "essential information bearing on the claim." See *Socop-Gonzalez*, 272 F.3d at 1184-85; *Solis*, 627 F.3d at 750; *Stitt,* 919 F.2d at 522. The claims are equitably tolled under these circumstances.

**B. Complaint Supports a Prima Facie Case of RICO Violations**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "detailed

factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted).

Whether a complaint's factual allegations are sufficient to show that "the pleader is entitled to relief" must be judged in light of the substantive legal standards governing the claim. "[T]he appropriate level of generality for a pleading depends on the particular issue in question or the substantive context of the case before the court." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1218, at 273 (3d ed. 2004) ("Wright & Miller").

To be sustained against a Motion to Dismiss, a claim must have facial plausibility, which it does when it sets out facts that permit the court to draw the reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949.

A review of the Complaint describes a comprehensive and persistent effort to monopolize the adult store business wherever the defendants operate their stores: Portland, Vancouver, Spokane. The defendants are alleged to have paid arsonists to burn down competitors' stores. The Complaint also alleges a pattern of tax evasion and money laundering activities.

"RICO is to be read broadly" to permit recovery for direct and indirect damages which flow from the commission of predicate acts. U.S.C. § 1964 (c); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 498 (1985); *see also Cty. of Oakland by Kuhn v. City of Detroit*, 784 F. Supp. 1275, 1283 (E.D. Mich. 1992); *Micro-Med. Industries, Inc. v. Hatton*, 607 F. Supp. 931, 938 (D.P.R. 1985) (holding "upon a Motion to Dismiss for failure to state a claim, it is not for us to rein in the deliberately broad swath of the brush chosen by Congress to blot out the activities of organized crime.") (citing *U.S. v. Turkette*, 452 U.S. 576, 586-87 (1981)). This is because "[t]he statute's remedial purposes are nowhere more evident than in the provision of a private action for those injured by racketeering activity." *Sedima, S.P.R.L.*, 473 U.S. at 498. Notably, no distinct "racketeering injury" is necessary to maintain a private treble damages action under RICO; if a

defendant engages in a pattern of racketeering activity in a manner forbidden by section 1962 and the racketeering activities injured the plaintiff in his business or property, the plaintiff has a private claim for treble damages. *Sedima, S.P.R.L.*, 473 U.S. at 495.

### III. CONCLUSION

The Complaint provides a "short and plain statement of the claims showing that the pleader is entitled to relief." FRCP 8(a)(2). The claim is not time barred. The Motion to Dismiss is **DENIED**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2016.

Ronald B. Leighton
United States District Judge

---

[1] The Defendant's Motion for Leave to File a Late Reply [Dkt. #31] is **GRANTED**.